## P. P. BARNES v. R. W. HAYS ET AL.

APPEAL BY E. W. ECHOLS FROM THE COURT OF COMMON
PLEAS OF VENANGO COUNTY.

Argued October 8, 1889—Decided October 28, 1889.
[To be reported.]

An order adding the name of a stranger to the record as a garnishee in
an execution attachment, without an alias writ, and without prior rule
or notice to him, is irregular, and such order and all subsequent pro-
ceedings against such added party will be reversed and set aside.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILL-
IAMS, McCOLLUM and MITCHELL, JJ.

No. 68 October Term 1889, Sup. Ct.; court below, No. 41
April Term 1886, C. P.

On March 16, 1886, upon a judgment in favor of P. P. Barnes
against R. W. Hays, entered to No. 125 January Term 1886,
of the court below, an execution attachment was issued against
the defendant Hays, with S. A. McKinley and Mary E. Reagle,
administrators of S. W. Reagle, deceased, as garnishees.

On September 14, 1886, the garnishees answered, and on
October 12th, leave of court was given them to pay into court
the "amount of the legacy, $140.83, accruing to Sarah Golda
Hays, deceased, minor child of Hannah Hays, deceased, being
the amount claimed under the attachment."

On October 14, 1886, on motion of plaintiff's attorney, a
rule was granted to show cause why plaintiff should not "take
out of court so much of the money paid in as will satisfy the
judgment of the plaintiff against the defendant." On Novem-
ber 24th, upon petition filed by E. W. Echols, administrator of
Sarah Golda Hays, deceased, a rule was granted to show cause
why the money paid into court by the garnishees should not
be taken out by the said Echols, administrator, etc. Deposi-
tions were taken and filed, and after hearing, on January 4,
1887, the rule taken by the plaintiff October 14, 1886, was dis-
charged, "but not to prejudice plaintiff in his claim on the

fund;" and the same day the rule taken by Echols, administrator, was made absolute, "the administrator taking the fund subject to the rights of the attaching creditor, and any other attachments which have a legal claim thereon." [1]

On November 14, 1887, on motion of plaintiff's attorney, the name of E. W. Echols, administrator of the estate of Sarah Golda Hays, deceased, was added "as a defendant in the above case;" [2] and on March 14, 1888, "proof of notice to E. W. Echols of his being made a defendant filed."

On November 30, 1888, on motion by attorney for E. W. Echols, "to have attachment in above case dissolved," rule granted. On the same day, on motion of plaintiff, rule granted "on E. W. Echols to appear and pay over the money received by him."

On December 3, 1888, on motion of plaintiff's attorney, "judgment against E. W. Echols, administrator of Sarah Golda Hays, deceased, by default, for want of an affidavit of defence;" [4] liquidated in the sum of $142.85. On the same day, motions by attorney for E. W. Echols to strike off the judgment entered against him, for reasons appearing on the record, and to have the judgment opened and let him into a defence, refused. [5]

On December 15, 1888, rule granted on November 30th, to the plaintiff, discharged, but ordered that a citation issue from the Orphans' Court on the administrator to file an account. On the same day, the rule granted E. W. Echols, administrator, on November 30, 1888, to show cause why the attachment should not be dissolved, discharged, for the reason that no account is filed in the Orphans' Court. [3]

On February 6, 1889, rule granted on E. W. Echols, administrator, to pay within ten days to P. P. Barnes, plaintiff in the attachment, $89.91 of the funds received by him as administrator. [6]

A bill of exceptions having been sealed, E. W. Echols, administrator, etc., took this appeal, assigning for error:

1–6. The orders of the court, severally. [1 to 6]

*Mr. T. J. McKean*, for the appellant:

1. As no interest in the fund in the hands of the administrators of S. W. Reagle, deceased, accrued to the defendant, R.

W. Hays, by reason of the death of the decedent, the funds in their hands accruing to Sarah Golda Hays in her lifetime, attachment execution will not lie: Section 11, act of April 10, 1849, P. L. 620; Smith's App., 108 Pa. 508; Roumfort v. McLarney, 82 Pa. 193; Eisenbise v. Eisenbise, 4 W. 134; Holcomb v. Roberts, 57 Pa. 493.

2. The court could not inject the administrator and fund backward into the teeth of the dead writ; it could acquire jurisdiction only by prior rule or scire facias: Townsend's Admr.'s App., 117 Pa. 325; Tyrrill v. Lamb, 96 Pa. 464. The attachment could not be amended so as to relate back to the beginning of the action, or change the cause of action: Smith's App., 108 Pa. 508; Tyrrill v. Lamb, 96 Pa. 464; Leeds v. Lockwood, 84 Pa. 70; Duffey v. Houtz, 105 Pa. 96.

3. The entry of the judgment was error. It has been uniformly held that persons defending in a representative capacity are not required to file an affidavit of defence: Seymour v. Hubert, 83 Pa. 346; besides, the proceedings were in rem: Grant v. Hickcox, 64 Pa. 334. Answers to interrogatories are the exclusive foundation for judgment: Lancaster Co. Bank v. Gross, 50 Pa. 224.

*Mr. R. F. Glen*, for the appellee, was not heard.
The brief filed cited: Rushton v. Rowe, 64 Pa. 63.

OPINION, MR. CHIEF JUSTICE PAXSON:

This case was very obscurely stated, yet we gather from the paper-books that the child, Sarah Golda Hays, was entitled to a small legacy under the will of her grandfather, S. W. Reagle, deceased; that before the payment of the money, viz., on April 28, 1883, the said Sarah died, by reason whereof her father, R. W. Hays, became entitled to her share, subject of course to any legal claims against it in the hands of her administrator. On March 18, 1886, P. P. Barnes, plaintiff below, issued an attachment execution against R. W. Hays, defendant, and the administrators of S. W. Reagle, as garnishees. This attachment, doubtless, bound the interest, if any, of Hays in the Reagle estate. On September 24, 1886, E. W. Echols, defendant below, was duly appointed administrator of Sarah Golda Hays, deceased. On October 15, 1886, the administrators of

Reagle's estate, and the garnishees in the attachment, on their own petition, paid into court the sum of $140.83, accruing to the estate of Sarah Golda Hays. On the same day the plaintiff in the attachment moved to take this money out of court. This rule was refused, but without prejudice to his right to the fund. On November 24, 1886, Echols, as administrator of Sarah Golda Hays, petitioned the court for leave to take out the money, and the rule was made absolute, the court saying, according to the record which is before us, "the administrator taking the fund subject to the rights of the attaching creditor." All this, if not entirely regular, could have done no harm.

The money due from the Reagle estate to that of Sarah Golda Hays was payable to her administrator, and it is difficult to see how it could be reached by an attachment against R. W. Hays, without making her administrator a garnishee. This was done in the court below, and was done in a summary way. There was no new attachment issued, with a summons served upon E. W. Echols, administrator, as garnishee, but, in the somewhat quaint language of the learned counsel for the plaintiff in error, "the administrator and the fund were injected backward into the teeth of the dead writ;" in other words, the court below, on November 14, 1887, on motion of plaintiff's attorney, added the name of E. W. Echols, administrator of the estate of Sarah Golda Hays, "as defendant in the above case." By the above case I understand to be meant the attachment suit commenced nearly two years before. Thus, by a stroke of the judicial pen, Mr. Echols was made a defendant, not a garnishee, in the attachment execution referred to. There was no process served upon him, not even a notice, so far as the record shows; and on December 13, 1888, on motion of plaintiff's attorney, judgment was entered against E. W. Echols, administrator of the estate of Sarah Golda Hays, by default, for want of an affidavit of defence, and the judgment liquidated at the sum of $142.85. The court subsequently refused to strike off this judgment. Mr. Echols thus finds a personal judgment entered against him in a proceeding between other parties, without service of any legal process against him. It is almost needless to say that such a proceeding cannot stand.

The order of November 14, 1887, by which Mr. Echols was made a party to the attachment, together with all subsequent

orders, are reversed and set aside. The fund in his hands as administrator will of course be paid hereafter to the person or persons who succeed in showing that they are legally entitled to it.

Orders reversed.